UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAUN MICHAEL BARRETT,<br><br>        Plaintiff,<br><br>    v.<br><br>M. MESSER, et al.,<br><br>        Defendants. | Case No. 1:20-cv-01313-CDB (PC)<br><br>**ORDER CONSTRUING PLAINTIFF'S FILING AS MOTION FOR SETTLEMENT CONFERENCE**<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR SETTLEMENT CONFERENCE**<br><br>(Doc. 33 [sealed]) |

**I.    RELEVANT PROCEDURAL HISTORY**

Plaintiff initiated this action with the filing of his original complaint on September 14, 2020. (Doc. 1.) The Court issued its first screening order on May 17, 2021, finding Plaintiff had failed to state a claim upon which relief could be granted and granting Plaintiff leave to file an amended complaint. (Doc. 10.)

Plaintiff filed a first amended complaint on June 3, 2021. (Doc. 12.) On November 8, 2021, a previously assigned magistrate judge issued an order appointing Plaintiff pro bono counsel for the limited purpose of investigating Plaintiff's claims and drafting and filing a second amended complaint if appropriate. (Doc. 14.)

//

1       On March 7, 2022, counsel for Plaintiff filed a second amended complaint. (Doc. 18.) Pursuant to the terms of the Court's November 8, 2021 order (Doc. 14), counsel's appointment terminated with the filing of the second amended complaint.

      On February 10, 2023, the undersigned issued the Second Screening Order, finding Plaintiff had plausibly alleged a due process violation for the authorized, intentional deprivation of his hearing aids, a violation arising under the Americans with Disabilities Act (ADA), and a violation of the Rehabilitation Act of 1973 (RA). (Doc. 21.)

      Following issuance of the second screening order, service of process efforts commenced in accordance with the Court's orders. (*See* Docs. 22 & 29.)

      On May 22, 2023, Defendants Bugarin, Clark, Liang, Mecum, Messer, Ramirez and Silva filed a Motion to Dismiss Plaintiff's Second Amended Complaint. (Doc. 31.) That same date, Defendant Allison filed a Motion to Dismiss Plaintiff's Second Amended Complaint. (Doc. 32.)

      On May 24, 2023, Plaintiff filed a document that the Court sealed due to the confidential nature of information contained therein. (Doc. 33.) The Court construes Plaintiff's filing as a motion for settlement conference and deems a response by Defendants to be unnecessary.

## II. DISCUSSION

      Plaintiff's May 24, 2023 filing essentially seeks an order of this Court directing the parties to participate in a settlement conference. (Doc. 33.)[1]

      The Court appreciates Plaintiff's frustration. Nevertheless, this Court is one of the busiest district courts in the nation and delays related to the screening of prisoner civil rights complaints are inevitable. In any event, the Court has screened the operative complaint and service of process has now been effected.

      Here, however, the Court finds a settlement conference at this stage of the proceedings is inappropriate. First, all Defendants have recently filed responsive pleadings to Plaintiff's

---

[1] Plaintiff states he has had no communication with the Attorney General's Office since filing his complaint. (Doc. 33 at 3.) Plaintiff is advised that due to the requirement that this Court screen all prisoner civil rights complaints (28 U.S.C. § 1915A(a)), defendants to a prisoner civil rights action are not served with the operative complaint until the Court has determined that a plaintiff has plausibly alleged cognizable claims and orders service of the operative complaint upon the named defendants to the action. As a result, in this case, a "lack of communication" from the Attorney General's Office prior to service of the second amended complaint on or about March 22, 2023, is to be expected.

operative, second amended complaint. Defendants' motions to dismiss were filed on May 22, 2023 and challenge the sufficiency of Plaintiff's claims and assert certain defenses thereto. (*See* Docs. 31 & 32.) Plaintiff will have the opportunity to file oppositions or statements of non-opposition to Defendants' motions to dismiss no later than 21 days after service of the motions. *See* Local Rule 230(*l*). Further, following the filing of any opposition or statement of non-opposition, Defendants may file a reply 14 days thereafter. *Id.* Once all briefing has been filed, the matter will be submitted for findings and recommendations to be prepared by the undersigned. Again, this Court is one of the busiest district courts in the nation. The undersigned carries a heavy caseload and delays are unavoidable. Defendants' motions will be considered in due course.

Second, until a final determination has been reached concerning the pending motions to dismiss, the Court will not order the parties to participate in an early settlement conference. It is the Court's practice to order parties to an action to participate in an early settlement conference once defendants have filed an answer to the operative complaint. A responsive pleading—like the motions to dismiss filed by Defendants here—do not warrant a similar response.

Further, without a clear indication from *all* parties to the action that they are willing to attend a settlement conference, the Court does not find that it would be an efficient use of judicial resources to set this case for a settlement conference at this time. The parties are free to engage in informal settlement discussions without judicial involvement at any time by communicating amongst themselves.  Nonetheless, the Court is receptive to the possibility of an early settlement conference should Defendants be amenable and will direct Defendants to file written notice as to whether they are willing to participate in an early settlement conference.

### III.    CONCLUSION AND ORDER

For the reasons give above**, IT IS HEREBY ORDERED** that:

1. Plaintiff filing of May 24, 2023 construed as a motion for settlement conference (Doc. 33) is **DENIED** without prejudice; and
2. Defendants are **DIRECTED** to advise the Court in writing, no later than 14 days from the date of this order, whether they are amenable to participating in an early settlement

3

conference at this stage of the proceedings.

**Lastly, Plaintiff is cautioned that should he require an extension of time within which to oppose the pending motions to dismiss, he should file any request for an extension of time, stating the reasons for his request,** *prior to* **the deadline for filing any opposition.**[2]

IT IS SO ORDERED.

Dated:   **May 26, 2023**

_____
UNITED STATES MAGISTRATE JUDGE

---

[2] 5/22/23 + 21 days = June 12, 2023.

4