UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAUN MICHAEL BARRETT,<br><br>  Plaintiff,<br><br> v.<br><br> M. MESSER, et al.,<br><br>  Defendants. | Case No. 1:20-cv-01313-CDB (PC)<br><br>**ORDER TO SHOW CAUSE IN WRITING WHY ACTION SHOULD NOT BE DISMISSED FOR FAILURE TO OBEY COURT ORDERS**<br><br>**14-DAY DEADLINE** |

On May 22, 2023, the Defendants filed motions to dismiss Plaintiff's second amended complaint. (Docs. 31 & 32.) Pursuant to Local Rule 230(*l*), Plaintiff's oppositions or statements of non-opposition to the motions were to be filed "not more than twenty-one (21) days after the date of service of the motion." More than 21 days have passed, yet Plaintiff has filed neither oppositions nor statements of non-opposition to Defendants' motions.

Moreover, in this case, Plaintiff was advised in the Court's May 26, 2023 Order[1] that the deadline for opposing Defendants' pending motions to dismiss was June 12, 2023, and that any request for an extension of time should be filed prior to that date. (*See* Doc. 34 at 4.) Plaintiff has not sought an extension of time within which to file oppositions to the pending motions to

---

[1] Order Construing Plaintiff's Filing As Motion For Settlement Conference and Order Denying Plaintiff's Motion For Settlement Conference.

dismiss.

The Local Rules, corresponding with Federal Rule of Civil Procedure 11, provide, "[f]ailure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets" and, in exercising that power, may impose sanctions, including dismissal of an action. *Thompson v. Housing Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g., Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Accordingly, the Court **ORDERS** Plaintiff to show cause in writing, **within 14 days** of the date of service of this order, why this action should not be dismissed for his failure to comply with the Court's orders. Alternatively, within that same time, Plaintiff may file his opposition or statement of non-opposition to the motion to dismiss filed by Defendants Bugarin, Clark, Liang, Mecum, Messer, Ramirez and Silva, *and* his opposition or statement of non-opposition to the motion to dismiss filed by Defendant Sullivan.

**Failure to comply with this order will result in a recommendation that this action be dismissed for failure to obey court orders.**

IT IS SO ORDERED.

Dated:   **June 27, 2023**                              _____
                                                        UNITED STATES MAGISTRATE JUDGE