UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAUN MICHAEL BARRETT,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>M. MESSER, et al.,<br><br>　　　　　　　Defendants. | Case No. 1:20-cv-01313-CDB (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S REQUESTS FOR INJUNCTIVE RELIEF**<br><br>(Doc. 38)<br><br>Clerk of the Court to Assign District Judge |

Plaintiff Shaun Michael Barrett is appearing *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

**I.　　RELELVANT BACKGROUND**

On May 22, 2023, the Defendants filed motions to dismiss Plaintiff's second amended complaint. (Docs. 31 & 32.) Pursuant to Local Rule 230(*l*), Plaintiff's oppositions or statements of non-opposition to the motions were to be filed "not more than twenty-one (21) days after the date of service of the motion." Plaintiff filed neither oppositions nor statements of non-opposition.

On June 27, 2023, the Court issued its Order To Show Cause (OSC) In Writing Why Action Should Not Be Dismissed For Failure To Obey Court Orders. (Doc. 37.)

On July 10, 2023, Plaintiff filed an untitled document, apparently in response to the OSC. (Doc. 38.) In pertinent part, the Court construes the document to seek injunctive relief. (*Id*.)

## II. DISCUSSION

Relevant here, in the document filed July 10, 2023, Plaintiff asks the Court to "notify CDCR to give" him his legal property "ASAP" and to have "CDCR and GTL unsuspend" the messages on his tablet. (Doc. 38.) He states his daughter is acting "like [his] paralegal" and that he needs a Court order "for this and to use law library." (*Id.* at 2.) Plaintiff's requests for these orders from the Court amount to requests for injunctive relief.

"A preliminary injunction is an extraordinary remedy never awarded as of right." [1] *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id.* at 20.

A "federal court may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." *Zepeda v. U.S. I.N.S.*, 753 F.2d 719, 727 (9th Cir. 1983). "[A]n injunction must be narrowly tailored 'to affect only those persons over which it has power,' . . . and to remedy only the specific harms shown by the plaintiffs, rather than 'to enjoin all possible breaches of the law.'" *Price v. City of Stockton*, 390 F.3d 1105, 1117 (9th Cir. 2004) (quoting *Zepeda*, 753 F.2d at 727, 728 n.1). Furthermore, the pendency of this action does not give the Court jurisdiction over prison officials in general. *Summers v. Earth Island Inst.*, 555 U.S. 488, 491–93 (2009); *Mayfield v. United States*, 599 F.3d 964, 969 (9th Cir. 2010). The Court's jurisdiction is limited to the parties in this action and to the viable legal claims upon which this action is proceeding. *Summers*, 555 U.S. at 491-93; *Mayfield*, 599 F.3d at 969.

Here, the Court lacks jurisdiction to issue the orders Plaintiff seeks. Plaintiff's second amended complaint names defendants employed at Corcoran State Prison and his Fourteenth Amendment due process, Americans with Disabilities Act and Rehabilitation Act claims arise

---

[1] "The standard for a [temporary restraining order] is the same as for a preliminary injunction." *Rovio Entm't Ltd. v. Royal Plush Toys, Inc.*, 907 F. Supp. 2d 1086, 1092 (N.D. Cal. 2012) (citing *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001)) (citation omitted).

from the period he was housed at Corcoran State Prison. (*See* Doc. 21.) Thus, this Court does not have personal jurisdiction or subject matter jurisdiction over prison officials at Lancaster State Prison to whom the orders Plaintiff seeks would be directed. Hence, this Court cannot take any action on Plaintiff's requests. *Summers*, 555 U.S. at 491-93; *Price*, 390 F.3d at 1117; *Zepeda*, 753 F.2d at 727.

Considering the *Winter* factors, first, Plaintiff cannot establish he is likely to succeed on the merits of his claims. *Winter*, 555 U.S. at 20. In deciding whether a preliminary injunction should issue, the likelihood of success on the merits is the most important factor for the court to consider. *Disney Enterprises, Inc. v. VidAngel, Inc.*, 869 F.3d 848, 856 (9th Cir. 2017). Following screening of Plaintiff's second amended complaint, the Court found Plaintiff had stated a plausible due process violation and plausible claims arising under the ADA and RA.  (Doc. 21.) Defendants have filed motions to dismiss the second amended complaint. (Docs. 30 & 31.) Those motions are pending, and briefing is ongoing. While the Court has determined Plaintiff's second amended complaint stated plausible claims, those claims are based upon factual assertions and have not yet been proven. It is too early to determine whether Plaintiff is likely to succeed on the merits of his claims.

Second, Plaintiff must demonstrate that he is likely to suffer irreparable harm in the absence of preliminary relief. *Winter*, 555 U.S. at 20. Here, Plaintiff's filing makes no reference to irreparable harm. *See City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983) ("The equitable remedy is unavailable absent a showing of irreparable injury, a requirement that cannot be met where there is no showing of any real or immediate threat that the plaintiff will be wronged again—a likelihood of substantial and immediate irreparable injury" (internal quotation marks & citation omitted). Nevertheless, any wrong Plaintiff may have asserted in seeking relief would not amount to being "wronged again;" Plaintiff's operative complaint involves officials at Corcoran State Prison, rather than officials at Lancaster State Prison. And, Plaintiff's due process violation concerning hearing aids, and claims arising under the ADA and RA, do not relate to either his legal materials or his temporary inability communicate with his daughter. Moreover, in a separate order of this date, Plaintiff was granted a 90-day extension of time within which to respond to

Defendants' motions to dismiss. Plaintiff is therefore not likely to suffer any irreparable harm due to a lack of or limited access to the law library. Simply put, Plaintiff cannot demonstrate irreparable harm.

Finally, Plaintiff is required to show the balance of equities tips in his favor and that the injunction he seeks is in the public interest. *Winter*, 555 U.S. at 20. Plaintiff's filing does not address nor present any evidence that the balance of equities is in his favor, or that preliminary injunctive relief would be in the public's interest.

### III.   ORDER AND RECOMMENDATION

The Clerk of the Court is **DIRECTED** to assign a district judge to this action.

Further, and for the reasons given above, the undersigned **RECOMMENDS** Plaintiff's requests for injunctive relief (*see* Doc. 38) be **DENIED**.

These Findings and Recommendations will be submitted to the district judge assigned to this case, pursuant to 28 U.S.C. § 636(b)(l). **Within 14 days** of the date of service of these Findings and Recommendations, a party may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may result in waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **July 13, 2023**

UNITED STATES MAGISTRATE JUDGE