UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAUN MICHAEL BARRETT,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>M. MESSER, et al.,<br><br>　　　　　Defendants. | Case No. 1:20-cv-01313-KES-CDB (PC)<br><br>**ORDER DENYING PLAINTIFF'S SECOND MOTION FOR SETTLEMENT CONFERENCE**<br><br>(Doc. 50) |

### I.　　RELEVANT PROCEDURAL HISTORY

On May 22, 2023, Defendants Bugarin, Clark, Liang, Mecum, Messer, Ramirez and Silva filed a Motion to Dismiss Plaintiff's Second Amended Complaint. (Doc. 31.) That same date, Defendant Allison filed a Motion to Dismiss Plaintiff's Second Amended Complaint. (Doc. 32.)

On May 24, 2023, Plaintiff filed a document titled "Request for Settlement Conference for Speedy Closure." (Doc. 33 [sealed].) On May 26, 2024, the Court issued its Order Construing Plaintiff's Filing As Motion For Settlement Conference and Order Denying Plaintiff's Motion For Settlement Conference. (Doc. 34.) In denying Plaintiff's motion without prejudice, the Court also directed Defendants to advise the Court in writing whether they were amenable to participating in an early settlement conference. (*Id.* at 3-4.)

On June 7, 2023, Defendants filed written notice that they were not amenable to participating in an early settlement conference. (Docs. 35 & 36.)

Plaintiff filed his opposition to Defendants' motions to dismiss on September 18, 2023. (Doc. 43.) Defendants replied thereto on October 2, 2023. (Doc. 44.)

On December 29, 2023, the undersigned issued Findings And Recommendations To Grant Defendants' Motions To Dismiss Plaintiff's Second Amended Complaint. (Doc. 47.) More specifically, the Court recommended the second amended complaint be dismissed without leave to amend and the action be closed. (*Id*. at 8-20.) The parties were afforded fourteen days within which to file objections. (*Id*. at 20.) No objections were filed.

On March 14, 2024, this action was reassigned to District Judge Kirk E. Sherriff. (Doc. 48.)

On April 3, 2024, Plaintiff filed an untitled document that the Court construes as a second motion for a settlement conference. (Doc. 50.) The Court deems a response by Defendants to be unnecessary.

**II.    DISCUSSION**

Briefly stated, Plaintiff asks this Court to set a settlement conference "to try to resolve this matter" following the action's reassignment to District Judge Sherriff. (Doc. 50 at 1.) Plaintiff contends he continues to suffer from an inability to communicate in light of his hearing disability and generally asserts his claims should prevail. (*Id*. at 1-2.)

As before, particularly given Defendants' disinterest in pursuing settlement discussions, this Court finds a settlement conference at this stage of the proceedings would be an unwarranted expenditure of judicial resources. Here, the undersigned considered Defendants' motions to dismiss and recommended the motions be granted and the action be closed. (Doc. 47.) Those findings are now pending review before District Judge Sherriff. Plaintiff is reminded that this Court is one of the busiest district courts in the nation. All of the judges in this district carry a heavy caseload and delays are unavoidable. Judge Sherriff will consider the pending Findings and Recommendations in due course. Until Judge Sherriff issues an order concerning the pending recommendation to dismiss this case, convening a Court-directed settlement conference is simply not appropriate. Nor, given Defendants' previous indications on the issue and the subsequent recommendations to grant Defendants' motions to dismiss, will the Court inquire of Defendants

whether they wish to participate in a settlement conference.

**III.     CONCLUSION AND ORDER**

For the reasons give above**, IT IS HEREBY ORDERED** that Plaintiff's second motion for a settlement conference (Doc. 50) is **DENIED**.

IT IS SO ORDERED.

Dated:   **April 5, 2024**                                             _____
                                                                                         UNITED STATES MAGISTRATE JUDGE

3